**Affirmed as Modified and Opinion Filed March 27, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01409-CR

**ROGELIO VILLEGAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-57305-T**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Rogelio Villegas appeals his conviction, following the adjudication of his guilt, for possession of heroin. In two issues, appellant contends the trial court's judgment adjudicating guilt should be modified to show the correct name for the attorney who represented the State at the adjudication hearing and to include the correct motion to adjudicate. We modify the trial court's judgment adjudicating guilt and affirm as modified.

Appellant waived a jury and pleaded guilty to possession of heroin in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). Pursuant to a plea agreement, the trial court deferred adjudicating guilt, placed appellant on community

supervision for two years, and assessed a $1,500 fine. On July 23, 2014, the State moved to adjudicate guilt, alleging appellant violated several conditions of his community supervision. On September 8, 2014, after a hearing, the trial court denied the State's motion to adjudicate, but extended the period of community supervision for twenty-four months and ordered appellant to participate in the Substance Abuse Felony Punishment Facility (SAFPF) and continuum care.

On October 23, 2014, the State again moved to adjudicate guilt, alleging appellant violated a condition of his community supervision by refusing to participate in the SAFPF program as directed. Appellant pleaded true to the allegation in a hearing on the motion. The trial court found the allegation true, adjudicated appellant guilty of possession of heroin, and assessed punishment at two years' confinement in a state jail facility.

Appellant asks that we modify the judgment adjudicating guilt to show that Tommy Adams was the attorney representing the State during the hearing on the motion to adjudicate and to show the October 23, 2014 motion to adjudicate is the relevant motion that should be attached to the judgment. The State agrees the judgment should be modified as appellant requested.

The record shows the attorney representing the State during the proceedings was Tommy Adams. The judgment, however, incorrectly states the attorney was Dalerie Moore. The judgment also incorrectly states appellant violated the conditions of community supervision as set out in the State's original motion to adjudicate. We sustain appellant's two issues.

We modify the trial court's judgment adjudicating guilt to show Tommy Adams was the attorney for the State, and that appellant violated the terms of community supervision as set out in the State's "October 23, 2014 motion to adjudicate." *See* TEX. R. APP. P. 43.2(b); *Bigley v.*

*State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30

(Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
141409F.U05


/Bill Whitehill/
BILL WHITEHILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROGELIO VILLEGAS, Appellant

No. 05-14-01409-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-57305-T).
Opinion delivered by Justice Whitehill, Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating is **MODIFIED** as follows:

The section entitled "Attorney for State" is modified to show "Tommy Adams."

The section entitled "(5) While on community supervision, Defendant violated" is modified to show "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's October 23, 2014 motion to adjudicate guilt."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered March 27, 2015.